FILED
SUPERIOR COURT
OF GUAM

2014 MAR 27 AM 8: 56

CLERK OF COURT
BY: _____

# IN THE SUPERIOR COURT
# OF GUAM

THE PEOPLE OF GUAM,                    )        CRIMINAL CASE No. CF 439-13
                                        )
                 v.                     )
                                        )        **DECISION AND ORDER**
                                        )
ROBERT JESSE WRIGHT,                    )
                 Defendant.             )
                                        )

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant's motion to dismiss or reduce a felony charge to a misdemeanor was taken under advisement on March 13, 2014. The People are represented by Assistant Attorney General Teri C. Tenorio. Defendant is represented by attorney Delia S. Lujan Wolff. After reviewing and considering the memoranda and papers of the Parties and the file herein the Court hereby grants Defendant's motion to reduce and denies his motion to dismiss. Defendant's motion for deferral is conditionally granted.

## FACTUAL HISTORY

The Defendant was indicted August 6, 2013, on four charges: 1) Simple Stalking, as a 3rd Degree Felony; 2) Family Violence, as a 3rd Degree Felony; 3) Harassment, as a Misdemeanor; and 4) Harassment, as a Petty Misdemeanor.

On January 24, 2014, Defendant filed a motion to dismiss. Subsequently on January 28, 2014, Defendant filed an amended motion to dismiss or alternatively to reduce to misdemeanor. In his motion Defendant refers to a declaration attached to a magistrate



complaint where the charges were dismissed without prejudice. He alleges that the instant charges arose out of the following facts asserted in that declaration: 1) on December 2012 he asserted that he would drive his car into the victim's place of employment; 2) he drove his car toward the victim and stopped in such a manner as to cause the victim to step to the right from uncertainty as to whether she would be hit; 3) on April 7, 2013 the victim saw Defendant following her as she drove home with her children and upon her inquiry Defendant said, "Fuck you bitch. You better meet me or I'll go to your house;" and 4) based upon Defendant's messages to her the victim was afraid he would follow her off island.

Citing the above allegations Defendant argues that the grand jury was not given sufficiently competent evidence to return its August 2013 indictment. She argues that pursuant to the mandates of the Guam Code because indicting grand jury lacked sufficient evidence to find reasonable cause that the indictment's second charge of Family Violence should be dismissed.[1]

In the alternative Defendant requests that his Family Violence charge be reduced to a misdemeanor. In support of this request Defendant cites to the authority granted to the Court in 9 GCA § 30.20 and asserts: 1) the victim suffered no physical injury; 2) Defendant has no history of violence against the victim; 3) no gun or weapon was used; 4) Defendant has no prior criminal history; 5) no alcohol or other substance was involved; 6) Defendant has no history of substance abuse; and 7) Defendant is amenable to counseling.

Defendant requests that pursuant to 9 GCA §§ 30.80, 30.80.1 and 30.80.2 this action be resolved via the deferred plea agreement process. In support of this request Defendant asserts

---

[1] Additional asserted facts not identified by the Defendant as part of the declaration but that he asserts were presented to the grand jury are: 1) his reported December 2012 assertion of a desire

that: 1) he has no prior convictions; 2) he has never participated in a diversion for deferred plea; 3) has never been sentenced for violation of 9 GCA § 30.40; and 4) the victim suffered no serious physical injury.

The People filed their opposition on February 27, 2014. In it the People dispute Defendant's characterization of the facts. They assert that evidence was presented to the grand jury that: 1) on December 11, 2012 Defendant called the victim and demanded that she meet him or the would drive his car into the building where Defendant worked; 2) Defendant's threat caused the victim to feel fear; 3) After agreeing to meet the Defendant when the victim arrived at the designated location the Defendant revved his vehicle's enginge and tried to hit the victim with his vehicle; and 4) the Defendant told victim "if I can't have you no one will" and that this comment caused the victim to feel fear. The People argue that these facts were sufficient for the grand jury to return an indictment under the statutory standard. The People also argue that because Defendant used his car as a deadly weapon his felony charge should not be reduced.

DISCUSSION

**I. Motion to Dismiss**

Section 50.42 of Title 8 of the Guam Code provides,

> The grand jury shall receive only competent evidence but the fact that evidence which is incompetent was received by the grand jury does not render the indictment void where sufficient competent evidence to support the indictment was received by the grand jury.

8 GCA § 50.42 (2005). In November of 2013 the Guam Supreme Court, citing Section 50.54 of Title 8 of the Guam Code, explained that "a grand jury serves a gatekeeping function by

to committed suicide; 2) a struggle with the victim after he drove to her work for his car keys; and 3) his assertion that Defendant would kill himself with the knife that he had in the trunk.

considering the sufficiency of the evidence to support an indictment." *Guam v. San Nicolas*, 2013 Guam 21 ¶ 11. Section 50.54(b) provides, "(b) [t]he grand jury shall find an indictment when from the evidence presented there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54 (2005).

Inherent within this function and these mandates is the People's duty to present to the grand jury some evidence of each of the essential elements of a charge. See, *People of Territory of Guam v. Quidachay*, 1986 WL 68912 at *1-2 (D. Guam App. Div. 1986). While *Quidachay* clarifies that it would be unwise to allow for the re-consideration of whether the evidence that was presented to a grand jury was competent or credible, axiomatic to the statute's existence is the Court's duty to ensure some evidence was presented. *Id.*

On August 6, 2013 a grand jury in its second indicted charge found that, on or about December 11, 2012 Defendant recklessly placed the victim in fear of bodily injury. In this case it is undisputed that the grand jury received evidence that Defendant drove his car toward the Defendant in such a manner that she felt the fear of being hit by his vehicle. The Court upon reviewing this averred testimony, herein finds that under the above standard the evidence presented was sufficient. *Quidachay*, 1986 WL 68912 at *1-2.

**II. Motion to Reduce**

Defendant has requested to have the second charge of the indictment reduced to a misdemeanor. Section 30.20 of the Family Violence Act, provides the Court with a seven-factor analysis for determining whether a felony charge of Family Violence may be reduced to a misdemeanor. 9 GCA §30.20(c) (2013). The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;

(2) The defendant's history of violence against the same victim whether charged or uncharged;

(3) The use of a gun or other weapon by the defendant;

(4) The defendant's prior criminal history;

(5) The victim's attitude and conduct regarding the incident;

(6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and

(7) The defendant's history of and amenability to counseling.

*Id.*

Applying these factors to the instant case the Court finds that: that lack of evidence of serious injury; the Defendant's non-history of domestic violence; his lack of criminal history; the non-use alcohol or other substance; and the Defendant's amenability to counseling in this matter merit the reduction of the Domestic Violence Charge to a misdemeanor.

**III. Deferral**

In *People v. Campos*, CF 0361-12, this Court held that the Family Violence Act limits deferred pleas to only those defendants whom plead guilty to misdemeanor Family Violence charges. Having herein reduced Defendant's second charge to a misdemeanor, Defendant is currently statutorily eligible for a deferred plea on the same charge. 9 GCA §§ 30.80.1; 30.80.2 (2013).

## CONCLUSION

Based on the foregoing, the Defendant's motion to dismiss is DENIED. His motion to reduce his second charge, Family Violence as a 3rd Degree Felony to a misdemeanor is GRANTED. Defendant's motion to for deferral is granted subject to his agreement to the necessary and recommended terms of such a plea. Further Proceedings are set for April 8, 2014 ~~2013~~ at 9:10 a.m.

SO ORDERED, this 26th day of March 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG D. Mare

Date: 3/27/14  Time: 9:30 Am

Deputy Clerk, Superior Court of Guam